JAMES CUSHING & others *vs.* ANTOINETTE D. C. FIELD, Administratrix.

An appeal does not lie from the judgment of the court of common pleas, dismissing an action.

An administrator of an insolvent estate can defend a suit brought against him for a debt due from his intestate, only by showing an account of administration settled in the probate court, under Rev. Sts. *c.* 66, or by regular proceedings in insolvency, under Rev. Sts. *c.* 68.

THIS was an action of assumpsit for goods sold and delivered, and money had and received, brought against George Field, the defendant's intestate, and entered in the court of common pleas in his life time.

The defendant, on being cited to take upon herself the defence of the action, appeared and pleaded that "the plaintiffs ought not to have or maintain their said action thereof against her, because she has fully administered the goods and chattels which were of the said deceased, at the time of his decease, and she has no goods or chattels which were of the said deceased, at the time of his decease, in her hands, to be administered." The plea concluded with a verification, and prayed "judgment if the said plaintiffs ought to have their said action against her."

The plaintiffs replied thus: "As to the plea of the said administratrix, by her above pleaded, inasmuch as they cannot deny the said several allegations of the said administratrix, in her said plea, they pray judgment and their damages, sustained on occasion of the not performing the said several promises and undertakings in their declaration contained, to be adjudged to them, to be levied of the goods and chattels, which were of the said George Field, at the time of his death, or which, since pleading the above plea, may have come, or which may hereafter come, to the hands of the said administratrix to be administered."

The court of common pleas ordered that the action be dismissed, and the plaintiffs appealed to this court.

*Goodrich*, for the plaintiffs.

*Park*, for the defendant.

Shaw, C. J. This case comes before us irregularly. No appeal lies from a judgment dismissing a suit. Perhaps the party might obtain a revision of the grounds upon which the dismissal is founded, by a bill of exceptions.

The plea of *plene administravit* should not have been admitted. By *St.* 1836, *c.* 273, "no other plea in bar," besides the general issue, can be pleaded in the court of common pleas, or in this court. The defendant should have pleaded the general issue and filed a statement in writing, setting forth, as the matter of her defence, the facts which, by the Rev. Sts. *c.* 66, §§ 12 – 14, entitle her to be discharged. If she has settled an administration account in the probate court, from which it appears that the whole estate and effects of the intestate, which have come to her hands, have been exhausted in paying charges of administration, &c., then she has a good defence. But if she has rendered no such account, and especially if she has not returned an inventory, then her only defence will be a representation of insolvency. It is only by an inventory and an account, and by regular proceedings in the probate court, that an administrator can defend a suit on the ground of the insolvency of the estate of his intestate. Rev. Sts. *c.* 68; *c.* 64, § 5; *c.* 65, § 1.

A judgment of assets *quando acciderint* could never be entered in this case, because a preference would thereby be given to the plaintiffs, contrary to the Rev. Sts. *c.* 68, § 1, which require that all the debts shall be paid ratably.   See 6 Dane Ab. 144.

*Appeal dismissed*